Wallace GRANGER, Relator,

v.

The Honorable Joe FOLK, Respondent.

No. 09–96–243 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 5, 1996.

Decided Oct. 3, 1996.

Rehearing Overruled Nov. 21, 1996.

Dennis Powell, Orange, for relator.

Guy James Gray, District Attorney, Patrick O. Hardy, Assitant District Attorney, Jasper, for real party in interest.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

WALKER, Chief Justice.

**OPINION**

In this mandamus proceeding, Relator Wallace Granger requests that this Court order the County Court of Jasper County, Texas, to provide Relator a trial by jury on charges made against him under Section 821.021, et seq, of the Texas Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. §§ 821.021–821.025 (Vernon 1992 & Supp.1996).

The real party in interest, the State of Texas represented by the County Attorney for Jasper County, Texas, represents that not only is Relator *not* entitled to a jury trial under Section 821.021 et seq, Relator is *not* entitled to a de novo appeal from justice

court to county court. We hold that Relator is not only entitled to a jury trial under Section 821.021, as a matter of right, but is also entitled to appeal. Thus, this Court comes to irreconcilable crossroads with our Fourteenth Court of Appeal's discussion in *Pitts v. State,* 918 S.W.2d 4, 5 (Tex.App.— Houston [14th Dist.] 1995, orig. proceeding). *Pitts* held that our State Legislature "specifically" limited the rights of appeal in these cases to those involving animals ordered sold at public auction. *Id.* at 4.

We are not here questioning our Legislature's authority to place limits on certain appeals. We are saying that Section 821.025 does not operate as a limitation on appeals from Justice Court, but rather a continuation, if not an expansion, of one's appellate rights under Section 821.021 et seq. To view otherwise would functionally restrict rights to appeal and make meaningless the statutes and rules which provide for appeals from justice courts. TEX. GOV'T CODE ANN., § 26.042(e) (Vernon 1988); TEX. CIV. PRAC. & REM.CODE ANN. § 51.001 (Vernon 1986); TEX.R. CIV. P. 571–574.[1]

## RIGHT TO TRIAL BY JURY

Relator is the owner of ten horses and one goat, all seized for alleged cruel treatment pursuant to Section 821.021, et seq, Texas Health and Safety Code. The Office of the County Attorney took action in Justice Court seeking to divest Relator of ownership of these animals. Relator requested, but was refused a jury trial by the Justice of the Peace Court. Relator contends that he was assured a jury trial by the Justice of the Peace, however, when Relator appeared for trial, a jury trial was denied him. The Justice Court tried Relator and ruled against

him. Relator perfected his appeal to County Court.

On appeal to County Court, Relator also requested a jury trial, paying the $23.00 jury fee. On August 8, 1996, Patrick O. Hardy, Assistant District Attorney, filed "Motion to Return Defendant's Jury Fee and Case be Tried Before Court." Judge Joe Folk granted this motion and the office of the County Clerk of Jasper County returned Relator's jury fee by check. We set forth pertinent portions of the State's Motion:

Chapter 821 of the Health & Safety Code sets out the rules governing the forfeiture of cruelly treated animals. Section 821.023 makes it clear that the Court and not a jury is the finder of fact in this type of hearing. This is how the case was tried and the hearing conducted in Cause No. 45051. That Cause was appealed under Rules of Civil Procedure 571–574. Rule 574b states that on appeal of this type of case the appeal is Trial De Novo. A Trial De Novo puts the parties back in the same position they were in as if no trial had taken place in Justice Court, however the law stays the same.

THEREFORE, if a jury was not available to Defendant in Justice Court it is not available in County Court based on the law cited above. We would ask this Honorable Court to grant our motion.

Did our State Legislature, through its enactment of Texas Health and Safety Code § 821.023, in effect, limit Article 1, Section 15, of the Texas Constitution which provides, "[t]he right of trial by jury shall remain inviolate"?

The State positions that, "a reading of Sec. 821.023 makes it clear that the Legislature intended the decision of whether an animal

---

1. The Fourteenth Court of Appeals took a restrictive view of Section 821.025. We do not believe such view as representative of legislative intent. The revisor's note following Section 821.025 is telling:

The source law provides procedures for appealing a justice court's order to sell an animal that has been cruelly treated. The revised law omits the provision that requires the appellant to give notice of appeal within 10 days because procedures for appeal from a justice court are provided by Rules 571–574, Texas Rules of Civil Procedure. The rules also provide proce-

dures for adjudging court costs, and therefore the revised law omits the provision in the source law authorizing the court to assess costs of the hearing. (See Rules 139 and 141, *Texas Rules of Civil Procedure.*) The revised law also omits a provision in the source law providing for appeals in county court because Section 26.042(e), Government Code, provides that the county court has appellate jurisdiction from the justice court in cases in which the judgment appealed from or the amount in controversy exceeds $20, exclusive of costs.

has been cruelly treated to be decided at a hearing before the Justice of the Peace and not at a Trial by Jury."

Section 821.023 provides:

(a) A finding in county court that the owner of an animal is guilty of an offense under Section 42.11, Penal Code, involving the animal is prima facie evidence at a hearing authorized by Section 821.022 that the animal has been cruelly treated.

(b) A statement of an owner made at a hearing provided for under this subchapter is not admissible in a trial of the owner for an offense under Section 42.11, Penal Code.

(c) Each interested party is entitled to an opportunity to present evidence at the hearing.

(d) Except as provided by Subsection (e), if the court finds that the animal's owner has cruelly treated the animal, the court shall:

(1) order a public sale of the animal by auction;

(2) order the animal given to a nonprofit animal shelter, pound, or society for the protection of animals; or

(3) order the animal humanely destroyed if the court decides that the best interests of the animal or that the public health and safety would be served by doing so.

(e) If the court finds that the animal's owner has cruelly treated the animal and that the animal is farm livestock, the owner shall be divested of ownership and the court shall order a public sale of the animal by auction, order the animal given to a nonprofit animal shelter, pound, or society for the protection of animals, or order the animal humanely destroyed if the court decides that the best interests of the animal or that the public health and safety would be served by doing so. In this subsection, 'farm livestock' means cattle, hogs, sheep, goats, mules, horses, jacks, jennets, or poultry raised or used on a farm or ranch for food or for the production of legal income.

(f) The court may order that an animal disposed of under Subsection (d)(1) or (d)(2) be spayed or neutered at the cost of the receiving party.

(g) The court shall order the animal returned to the owner if the court does not find that the animal's owner has cruelly treated the animal.

■ Clearly, two avenues exist for the State in protecting animals from cruel treatment, i.e., criminal prosecution under Section 42.11 of the Penal Code and the civil remedy provided under Section 821.023 of the Health and Safety Code.

■ A close reading of paragraphs (a) and (b) of Section 821.023 may provide some slight illumination. Paragraph (a) presumes a criminal proceeding prior to the civil proceeding while paragraph (b) presumes the reverse. Obviously, in the criminal proceeding, a defendant may face loss of freedom or fine or both, whereas, a proceeding under Section 821.023 may subject the defendant to a loss, forfeiture and confiscation of property rights and interests.[2] In either case, the defendant is entitled by right to all those guarantees affording full due process. Lest we forget:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of Counsel for his defence.

Sixth Amendment, United States Constitution.

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be

---

**2.** We are not here faced with nor concerned with questions of double jeopardy, collateral estoppel, etc.

otherwise reexamined in any Court of the United States, than according to the rules of the common law.

U.S. CONST. amend. VII.

The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency....

TEX. CONST. art. I, § 15.[3]

It is fundamental to our system of justice and the intention and policy of the law to permit all persons to have a trial by jury of any facts affecting their property rights. *Clayton v. Clayton*, 308 S.W.2d 557, 564 (Tex.Civ.App.—Texarkana 1957, no writ).

The right to a jury trial as guaranteed by our Constitution is one of our most precious rights, TEX. CONST. art. I, § 15; TEX. CONST. art. V, § 10; *Young v. Blain*, 245 S.W. 65 (Tex. Comm'n App.1922, opinion adopted), and the denial of that right is a very serious matter. Restrictions placed on the right to a jury trial will be subjected to the utmost scrutiny. *See Jones v. Jones*, 592 S.W.2d 19 (Tex.Civ.App.—Beaumont 1979, no writ); *Rayson v. Johns*, 524 S.W.2d 380 (Tex.Civ.App.—Texarkana 1975, writ ref'd n.r.e.); *Silver v.*

*Shefman*, 287 S.W.2d 316 (Tex.Civ.App.—Austin 1956, writ ref'd n.r.e.).

*Bell Helicopter Textron, Inc. v. Abbott*, 863 S.W.2d 139, 141 (Tex.App.—Texarkana 1993, writ denied); *see also Grossnickle v. Grossnickle*, 865 S.W.2d 211, 212 (Tex.App.—Texarkana 1993, no writ).

Since the effective date of Section 821.021, et seq., we find only two cases addressing these statutes: *Pitts v. State*, 918 S.W.2d at 4, and *Pine v. State*, 921 S.W.2d 866 (Tex.App.—Houston [14th Dist.] 1996, writ dism'd w.o.j.). Having noted our disagreement with *Pitts*, we shall review *Pine*. In *Pine*, livestock was seized from Robert Edward Pine by law enforcement officers for alleged cruel treatment of animals. Both criminal and civil proceedings were brought against Pine. Criminally, Pine was convicted, by a jury, of cruelty to animals under Texas Penal Code § 42.11(a)(2), said conviction being affirmed on appeal in *Pine v. State*, 889 S.W.2d 625 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd), *cert. denied*, —— U.S. ——, 116 S.Ct. 300, 133 L.Ed.2d 206 (1995). *See Pine v. State*, 921 S.W.2d at 869–870 n. 1. It is clear that the forfeiture proceedings brought against Pine pursuant to Section 821.023 were brought *subsequent to Pine's criminal*

---

**3.** INTERPRETIVE COMMENTARY following Article I, § 15 provides:

One of the most characteristic elements of the American constitutional inheritance from England is that of trial by jury. In origin it grew from a practice in Norman times known as an inquest which was composed of a selected group from the community to tell the facts about certain situations, e.g., to tell who was guilty of a crime, or who had title to land. From this institution the jury developed, changing through time from a body of people chosen because they knew the facts to a body whose function is to determine the facts on the basis of evidence given at the trial.

Trial by jury has been considered as a fundamental safeguard of constitutional liberty. The Declaration of Independence complains of the British Government for denying the colonists in many cases a trial by jury. The Texas Declaration of Independence makes the same indictment against Mexico, declaring that Mexico 'has failed and refused to secure, on a firm basis, the right of trial by jury, that palladium of civil liberty, and only safe guarantee for the life, liberty, and property of the citizen.' As a result the right was placed in the Bills of Rights of both the United States Constitution and that of Texas.

The words of Section 15 declare that trial by jury shall remain inviolate. This has been interpreted to mean that in each case where the issue is raised, an inquiry should be made into the practice before the constitution was adopted to determine whether such issues were tried by a jury; hence, any right to a jury trial that existed at the time of the adoption of the constitution is confirmed. *White v. White*, 108 Tex. 570, 196 S.W. 508, L.R.A. 1918A, 339 (1917).

Section 15 further grants to the legislature the power to regulate the right of trial by jury, and to maintain its purity and efficiency. This clause does not permit reduction of the right. It does permit the legislature to deny the right in cases where no right to jury trial existed at common law, the section merely protecting the right as it existed at the time the constitution went into effect. *Johnson v. State*, Civ.App., 267 S.W. 1057 (1925).

Historically in equity proceedings, the chancellor was judge of fact as well as of law, there being no right of trial by jury. In Texas, however, ever since the first state constitution of 1845, a party is not deprived of a jury trial in a suit of an equitable nature. *San Jacinto Oil Co. v. Culbertson [Culberson]*, 100 Tex. 462, 101 S.W. 197 (1907).

*trial.* Following a hearing in Justice Court which determined that Pine's animals had been cruelly treated, Pine appealed to county court where trial de novo before a jury was held. The jury found the animals to have been cruelly treated, therefore the Court ordered that the animals be given to a nonprofit animal shelter. *Id.* at 870.

In the present case, Relator, on appeal to county court, paid the required jury fee of $23.00 which was subsequently returned to Relator when the county court granted the State's "Motion to Return Defendant's Jury Fee...." We hold that the granting to the State's motion was a clear abuse of trial court discretion in that Relator was denied his right to trial by jury.[4]

In effect, the county court's denial of Relator's right to trial by jury amounts to a denial of Relator's right to appeal which clearly constituted an abuse of discretion. Therefore, we hold Relator is entitled to a jury trial. We conditionally grant the writ of mandamus. The writ shall issue only if the Honorable Joe Folk does not withdraw his order and cause the case to be set on the jury docket upon payment of the appropriate jury fee.

WRIT CONDITIONALLY GRANTED.

---

**4.** The State proffers that Relator took his appeal from justice court to county court pursuant to Tex.R. Civ. P. 571–574, and since Relator was not entitled to a trial by jury at justice court level, Relator is not entitled to jury trial on appeal. We find no logically justifiable reasons for the justice court's denying Relator's request for jury trial.