Opinion issued May 19, 2005.






     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01274-CV




JO ANN RUSSU AND JULIA RUSSU, Appellants

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Court at Law No. 3
Fort Bend County, Texas
Trial Court Cause No. 22851




MEMORANDUM OPINION

          This is an appeal from an animal cruelty seizure proceeding brought against
appellants, JoAnn and Julia Russu, pursuant to subchapter B, chapter 821 of the
Texas Health and Safety Code.


 The Russus challenge the trial court’s order denying
their appeal of the order from the justice of the peace court, which ordered the seizure
of 43 cats and one dog from two single-family residential homes in Fort Bend
County. The trial court found that the Russus had cruelly treated the animals.
          In three issues, the Russus contend that the trial court erred by (1) concluding
that it did not have jurisdiction over the Russus’ appeal from the justice court, (2)
denying their request for a jury trial, and (3) denying their request for a hearing on
their unopposed motion to dismiss for failure to prosecute a cause of action. We
dismiss for want of jurisdiction.
Factual and Procedural Background
          On May 2, 2003, Fort Bend County Justice Faye Dettling, Precinct 3, issued
two warrants to seize 43 cats and one dog from the Russus’ residences, pursuant to
chapter 821 of the Texas Health and Safety Code. After the animals were seized, a
hearing was held to determine whether the Russus had treated the animals cruelly in
violation of section 821 of the Texas Health and Safety Code.



          At the hearing, the justice court found that the Russus had violated section
821.022 and ordered that the animals be taken from them and given to the Humane
Society. The Russus appealed the order to the Fort Bend County Court of Law
Number Three. The State of Texas filed a plea to the jurisdiction asserting that,
pursuant to sectiom 821.025 of the Texas Health and Safety Code, the Russus had no
right to appeal this matter from the justice court. Following a hearing, the trial court
granted the State’s plea and dismissed the Russus’ case with prejudice.
Plea to the Jurisdiction
          In their first issue, the Russus assert that the trial court erred in finding that it
lacked subject matter jurisdiction, to consider the Russus’ appeal from the justice
court’s dismissal of their case. We disagree. 
Standard of Review
          A plea to the jurisdiction is a dilatory plea challenging a trial court’s authority
to determine the subject matter of the cause of action without defeating the merits of
the case. City of Houston v. Northwood Mun. Util. Dist. No. 1, 73 S.W.3d 304, 308
(Tex. App.—Houston [1st Dist.] 2001, pet. denied) (citing Bland I.S.D. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000)). While the underlying claims may form the context
in which a plea to the jurisdiction is raised, the purpose of the plea is not to preview
or delve into the merits of the case, but to establish a reason why the merits of the
underlying claims should never be reached. Id. In a plea to the jurisdiction, a
defendant contends that, even if all the allegations in a plaintiff’s pleadings are true,
there is an incurable jurisdictional defect that prevents the court from hearing the case
on the merits. State v. Sledge, 36 S.W.3d 152, 155 (Tex. App.—Houston [1st Dist.]
2000, pet. denied). A trial court’s ruling on a plea to the jurisdiction presents a legal
question which is reviewed de novo. See Northwood, 73 S.W.3d at 308.
Analysis
          It is well settled that the legislature, by statute, can entrust special and limited
jurisdiction to justice of the peace courts to hear certain types of matters from which
no right of appeal exists. See Field v. Anderson, 1 Tex. 437 (1846). Similarly, the
legislature has the inherent power to limit the right of appeal in certain cases. See
Seale v. McCallum, 116 Tex. 662, 666-67, 287 S.W. 45, 47 (1926). 
          The legislature, through chapter 821 of the Texas Health and Safety Code
provided the justice of the peace courts with jurisdiction over and a procedure for the
removal and forfeiture of animals found in conditions that constitute cruel treatment. 
See Tex. Health & Safety Code Ann. §§ 821.022-821.025 (Vernon 2003 & Supp.
2004-2005). Section 821.023 provides that, if the court finds that the animal’s owner
has cruelly treated the animal, the court shall issue one of three orders:
 
          1.       order a public sale of the animal by auction;
          2.       order the animal given to a nonprofit animal shelter, pound,
or society for the protection of animals; or
          3.       order the animal humanely destroyed if the court decides
that the best interests of the animal or that the public health
and safety would be served by doing so.
 
See id. § 821.023(d)(1-3). 
          The legislature also specifically limited the right of appeal in these cases to
orders involving animals to be sold at public auction. See former Tex. Health &
Safety Code Ann. § 821.025(a-b) (Vernon 2003). It did not create a right to appeal
the two remaining alternative orders arising from these cases. See id. Section
821.025, as it existed at the time of the Russus’ appeal, stated in pertinent part:
(a) An owner of an animal ordered sold at a public
auction as provided in this subchapter may appeal
the order.
(b) While an appeal under this section is pending, the
animal may not be sold, destroyed, or given away as
provided by Sections 821.022-821.024. 

See id. (emphasis added).
          A right of appeal must be expressed in plain and unambiguous language, and
a statute may not be liberally interpreted to create that right where it does not exist. 
See Pitts v. State, 918 S.W.2d 4, 5 (Tex. App.—Houston [14th Dist.] 1995, no writ). 
Accordingly, pursuant to the plain language of former section 821.025(a-b), the
Russus had no right to appeal the justice court’s order that the animals be taken from
them and given to the Humane Society, and the county court at law had no
jurisdiction to hear their appeal. See id.
          Nevertheless, relying on the opinion issued by the Beaumont Court of Appeals
in Granger v. Folk, 931 S.W.2d 390 (Tex. App.—Beaumont 1999, pet. denied), the
Russus argue that section 821.025 must be read as an expansion and not as a
limitation of their potential appellate rights under subchapter B, chapter 821. In
Granger, the court held that a person whose animals have been seized has the right
to a de novo appeal from justice court to county court. Id. at 390-91. Accordingly,
the Russus argue that they should be permitted to appeal the order of the justice court
in this case. We disagree. 
          We recognize that our holding in this case is contrary to the result reached in
Granger. However, we respectfully disagree and decline to follow the Granger
opinion for two reasons. First, the Granger court’s analysis does not cite any
legislative history to support its conclusion that a right to appeal exists for all justice
of the peace court orders issued under chapter 821.


 The Granger court’s analysis is
based on the “revisor’s notes” attached to section 821.025 which do nothing more
than track the changes between the language of this section and the previous law. 
Second, the revisor’s notes, upon which the Granger opinion is based, are not the
applicable law and are not evidence of the legislature’s intent.    
          Accordingly, we hold that, pursuant to the plain language of former section
821.025 (a-b), the Russus had no right to appeal the justice court’s order that the
animals be taken from them and given to the Humane Society, and the trial court had
no jurisdiction to hear their appeal. See Pitts, 918 S.W.2d at 5. 
          We dismiss the appeal for want of jurisdiction.
Conclusion
          Having held that the Russus do not have the right to appeal the order from the
justice court to a county court or to this Court, we need not address the Russus’
second or third issues relating to denial of a jury trial and failure to hear their motion
to dismiss for failure to prosecute a cause of action. 
          We dismiss for want of jurisdiction.
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.