**Appeal Reinstated, Motion Granted, Appeals Dismissed, and Memorandum Opinion filed July 19, 2012.**



In The

# Fourteenth Court of Appeals

---

NO. 14-11-00241-CV
NO. 14-11-00617-CV

---

**JUAN GRACIA and BERTHA GRACIA, Appellants**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 969527**

## MEMORANDUM OPINION

These appeals arise from the 2010 seizure of numerous animals, including dogs, rabbits, hamsters, birds, and other fowl, by the State from appellants' property. The State filed an animal cruelty action against appellants, Juan Gracia and Bertha Gracia, in Harris County Justice Court to divest them of ownership of the animals. *See* Tex. Health & Safety Code §§821.001–.025 (providing that justice of the peace courts have jurisdiction

to determine whether animals have been cruelly treated and providing procedures for the removal and forfeiture of animals found in conditions that constitute cruel treatment). On August 3, 2010, the justice court signed an order divesting appellants of ownership of the animals and ordering that the animals be given to the Houston Society for the Prevention of Cruelty to Animals (Houston SPCA). The court also ordered appellants to pay costs, including the costs of caring for the seized animals, as permitted by statute. *See* Tex. Health & Safety Code § 821.023(e). The court set an appeal bond in the amount of $44,200.

Appellants filed a notice of appeal to a Harris County Court at Law and deposited $44,200 cash in lieu of a bond in the court's registry. After a trial de novo, a jury determined that appellants treated the animals cruelly.[1] On November 12, 2010, the county court at law signed a final judgment ordering that appellants are divested of ownership of the animals, and awarding the animals to the Houston SPCA. The $44,200 bond was ordered forfeited and the clerk was directed to pay the funds to the Houston SPCA. Both appellants and the State moved to modify the judgment with respect to the award of costs. The court granted the State's motion and signed a modified judgment on December 8, 2010, awarding a judgment in the amount of $50,000 to the Houston SPCA, with the appeal bond funds credited against the judgment. The court also ordered a judgment in the amount of $2,500 to the Harris County Attorney's office for investigative and other administrative fees. *See* Tex. Health & Safety Code § 821.023(e). After appellants' motion for new trial was overruled by operation of law, appellants filed a notice of appeal on March 16, 2011.[2] Appellants also filed an affidavit of inability to pay costs of appeal, which was contested. The trial court sustained the contests on April 19,

---

[1] The jury did not find cruel treatment of a German Shepherd dog and some chickens, and those animals were ordered returned to appellants. *See* former Tex. Health & Safety Code § 821.023(g) (eff. Sept. 1, 2007 to Aug. 31, 2011), which is identical to the current version.

[2] Appellants' notice of appeal was due on March 8, 2011, 90 days after judgment. *See* Tex. R. App. P. 26.1(a). A motion for extension of time is "necessarily implied" when the perfecting instrument is filed within fifteen days of its due date, as it was in this case. *See Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997).

2011, and appellants filed a second notice of appeal from the order denying their indigency claim. The new appeal was docketed under our case number 14-11-00617-CV.

On May 11, 2011, appellants filed a motion to stay this appeal pending a resolution of their appeal of the indigency order. We granted the motion and issued an order abating this appeal until a decision is made in the related case filed under our number 14-11-00617-CV, or until further order of this court.[3]

On June 26, 2012, the State filed a motion to dismiss this appeal for want of jurisdiction. The State argues that appellant does not have a right to appeal to this court after a decision by the county court. Under the applicable law, an owner divested of ownership of an animal under chapter 821 may appeal the justice court's order to a county court in the county in which the justice court is located. *See* Act eff. Sept. 1, 2009, 81st Leg., 2009 Reg. Session, Ch. 1351, § 11(b), §14 1989 Tex. Gen. Laws 2230, 3138 (former Tex. Health & Safety Code § 821.025(a)). The statute clearly states that "the decision of the county court or county court at law under this section is final and may not be further appealed." *Id*. Appellants have not responded to the motion.

Over the years, there appears to have been some disagreement among courts of appeal concerning the right to appeal an order divesting ownership of animals after a justice court has found animal cruelty. Much of the apparent disagreement is compounded by the many amendments to the law. The 1975 law that first provided judicial review of animal impoundments due to cruelty permitted an appeal to a county court. "Appeal is by means of hearing in county court in the county where the animal was impounded." Act of April 17, 1975, 64th Leg., R.S., ch. 77, § 4, 1975 Tex. Gen. Laws 197, 198 (former Tex. Rev. Civ. Stat. art. 182a). At that time, the only disposition provided for cruelly treated animals was public sale. *Id.*

---

[3] Briefs were recently filed in the indigency appeal, and the appeal has not yet been decided. We note that recent amendments to Texas Rule of Appellate Procedure 20.1(j) governing review of indigency rulings were not effective until March 1, 2012, and do not affect these appeals. *See* Tex. S. Ct. Misc. Docket No. 11-9251, Dec. 12, 2011, 75 Tex. B.J. 59 (Jan. 2012).

When the statute was codified as part of the Health and Safety Code in 1989, the law carried forward the right of appeal in animal cruelty seizure cases for orders requiring the seized animals to be sold at public auction. *See* Act eff. Sept. 1, 1989, 71st Leg. R.S., ch. 678 §1, 1989 Tex. Gen. Laws 2230, 3138. ("An owner of an animal ordered sold at a public auction as provided in this subchapter may appeal the order."). The act added that in addition to public sale, cruelly treated animals could be given to a nonprofit animal shelter or society for the protection of animals or they could be humanely destroyed. *Id.* The act was silent, however, as to the right to appeal these additional dispositions of seized animals. By stating only that an owner "may appeal," the act also failed to expressly address whether an appeal beyond the county court was permitted.

Applying this 1989 version of section 821.025, we held in *Pitts v. State* that no appeal was available from an order issued by justice of the peace court for the seizure of animals because the animals were ordered transferred to an animal cruelty prevention society. 918 S.W.2d 4, 5 (Tex. App.—Houston [14th Dist.] 1995, no writ). The court reasoned that the right to appeal must be expressed in plain and unambiguous language, and a statute may not be liberally interpreted to create that right. *Id.*

Later the same year, however, this court addressed the merits of an appeal from an animal cruelty forfeiture in *Pine v. State*, 921 S.W.2d 866 (Tex. App.—Houston [14th Dist.] 1996, writ dism'd w.o.j.). In *Pine,* the owner of the animals was afforded a jury trial in a de novo appeal to county court. *Id.* at 869-70. Neither the jurisdiction of the county court or the appellate court were addressed in the opinion, and this court affirmed the county court's judgment divesting appellant of ownership of the animals and ordering them given to a nonprofit animal shelter. *Id.* at 870, 875.[4]

---

[4] The decision in *Pine* conflicts with *Pitts.* Because the holdings in these cases have been effectively superseded by subsequent amendments to section 821.025, they will not apply to future cases and any conflict does not require resolution. *See* Tex. R. App. P. 41.2(c) (stating that en banc consideration is not favored and should not be ordered unless necessary to maintain uniformity of the court's decisions or extraordinary circumstances exist).

Shortly after the decision in *Pine*, the Beaumont Court of appeals granted mandamus relief in an animal cruelty forfeiture action to compel a jury trial on appeal from the justice court, expressly disagreeing with our decision in *Pitts. See Granger v. Folk*, 931 S.W.2d 390, 391 (Tex. App.—Beaumont 1996, orig. proceeding). The court held that the statute "does not operate as a limitation on appeals from Justice Court, but rather a continuation, if not an expansion, of one's appellate rights under Section 821.021 et seq." *Id.* The court relied on the revisor's notes when the law was codified as evidence of legislative intent. *Id.* at n.1. The revisor's notes stated that provisions in the source law related to appeals from justice courts and county courts were omitted because those procedures are addressed in the Texas Rules of Civil Procedure 571-74 and Section 26.042(e) of the Government Code, respectively.[5] The State argued that the relator was entitled to a trial de novo on appeal to the county court as set out in Rule 574b, but not a jury trial because he had not been granted a jury trial in justice court. The court of appeals disagreed and held both that relator was entitled to appeal to county court and he was entitled to a jury trial. *Id.* at 391. The court reasoned that reading section 821.025 to restrict appellate rights "would functionally restrict rights to appeal and make meaningless the statutes and rules which provide for appeals from justice courts." *Id.*

The First Court of Appeals declined to follow *Granger. See Russu v. State*. No. 01-03-01274-CV, 2005 WL 1189672, *3 (Tex. App.—Houston [1st Dist.] May 19, 2005, pet. denied) (mem. op.) (holding that there was no right to appeal from the justice court order that seized animals be given to the Humane Society). The court held in *Russo* that the legislature specifically limited the right of appeal in animal cruelty cases to orders involving animals to be sold at public auction; it did not create a right to appeal the two

---

[5] Rules of Civil Procedure 571-74 set out the procedures for appealing from a justice court to a county court. Rule 574b provides that an appeal from justice court shall be tried de novo in the county court. Tex. R. Civ. P. 574b. Section 26.042(e) of the Government Code provides:

> A county court has appellate jurisdiction in civil cases over which the justice courts have original jurisdiction in cases in which the judgment appealed from or the amount in controversy exceeds $250, exclusive of costs.

Tex/ Gov't Code § 26.042 (e).

remaining alternative orders arising from these cases. *See* Act eff. Sept. 1, 1989, 71st Leg. R.S., ch. 678 §1, 1989 Tex. Gen. Laws 2230, 3138 (former Tex. Health & Safety Code § 821.025(a)).

In 2003, the legislature amended section 821.025 to clarify its intent that the right of appeal in these matters be limited to orders requiring animals to be sold at public auction. The 2003 statute expressly restricted the right of appeal by adding the following language to section 821.025: "An owner may not appeal an order: (1) to give the animal to a nonprofit shelter, pound, or society for the protection of animals; or (2) to humanely destroy the animal." *See* Act eff. Sept. 1, 2003, 78th Leg., R.S., ch. 1043., § 2, 2003 Tex. Gen. Laws 3000, 3002 (former Tex. Health & Safety Code § 821.025(a)(1-2)).

In 2009, section 821.025 was again amended to modify the right of appeal. *See* Act eff. Sept. 1, 2009, 81st Leg., R.S., Ch. 1351, § 11(b), §14, 2009 Tex. Gen. Laws 4273, 4275. The 2009 version of the statute, which applies to this action, resolves any confusion. The right to appeal to a county court or county court at law applies to "an owner *divested of ownership* of an animal under Section 821.023," eliminating the limitation on appeals to cases where the animals were ordered sold at public auction. *Id.* (emphasis added to denote amended language). The 2009 amendment also makes it clear that "the decision of the county court or county court at law under this section is final and may not be further appealed." *Id.* (former § 821.025(a)).[6]

Because the applicable version of section 821.025 provides that the decision of the county court at law "is final and may not be further appealed," appellant may not appeal to this court. *See* Act eff. Sept. 1, 2009, 81st Leg., R.S., Ch. 1351, § 11(b), §14, 2009 Tex. Gen. Laws 4273, 4275 (former Tex. Health & Safety Code § 821.025(a)); *Jackson v.*

_____

[6] In 2011, the statute was again amended to add detail to the steps necessary to perfect an appeal. *See* Act eff. Sept. 1, 2011, 82nd Leg., R.S., ch. 1278, § 4, 2011 Tex. Gen. Laws 3564, 3566. The amendment added subsections to section 821.025, including subsections (d) and (e). *Id.* Subsection (d) now provides that the county court "shall consider the matter de novo and dispose of the appeal." *Id.* § 821.025(d). Subsection (e) contains the exact language in former section 821.025(a): "The decision of the county court or county court at law under this section is final and may not be further appealed." The amendments were not effective until September 1, 2011, and are therefore not applicable to this case. *See id.*

*State,* No. 01-11-00970-CV, 2012 WL 1143671, *1 (Tex. App.—Houston [1st Dist.] April 5, 2012, no pet.) (mem. op.).[7]

We order the appeal in our case number 14-11-00241-CV **REINSTATED, GRANT** appellee's motion, and order the appeal **DISMISSED**. Because we lack jurisdiction to consider appellants' appeal on the merits of the animal cruelty seizure judgment, we also lack jurisdiction to consider their appeal from the denial of their request to proceed without the advance payment of costs on appeal. *See In re Arroyo,* 988 S.W.2d 737, 738-39 (Tex. 1998) (holding that a party claiming indigence may obtain the record pertaining to the trial court's ruling sustaining a contest to his affidavit of indigence and challenge that ruling as part of his appeal, instead of by mandamus review). Accordingly, we also order the indigence appeal docketed under our appellate case number 14-11-00617-CV **DISMISSED.**

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.

---

[7] To the extent that appellants may rely on the general statutes setting out the jurisdiction of the courts of appeals for support of their right to appeal, we reject that contention. *See* Tex. Gov't Code § 22.220(a); Tex Civ. Prac. & Rem. Code § 51.012. If there is a conflict between a general statute and a specific statute, the specific statute prevails. *See* Tex. Gov't Code § 311.026(b).