**AFFIRM; and Opinion Filed August 26, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01178-CV

### MARSHA CHAMBERS, Appellant

V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 85578-422**

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Lewis
Opinion by Justice Lang

Marsha Chambers, acting pro se, appeals the district court's orders dismissing her claims

against the State of Texas for want of jurisdiction and denying her motion for new trial. In seven

issues, she generally complains the district court erred in granting the State's plea to the

jurisdiction and denying her motion for new trial. We decide against appellant on her issues and

affirm the district court's orders.

### I. Factual and Procedural Background

This appeal arises out of an animal cruelty proceeding the State filed against appellant in

justice court after over 100 animals were seized from her property in November 2004. *See* TEX.

HEALTH & SAFETY CODE ANN. §§ 821.021–.025 (West 2010 & Supp. 2012). A jury found

appellant cruelly treated the animals, and the justice court signed an order transferring ownership of the animals to the Dallas Society for the Prevention of Cruelty to Animals (the SPCA). *See id.* § 821.023(d)(2). This Court affirmed the dismissal of appellant's appeal of the justice court order for want of jurisdiction because, at that time, the health and safety code granted the right to appeal only in cases involving an order to sell the animals at a public auction and did not extend to an order giving the animals to a nonprofit organization. *See Chambers v. Justice Court Precinct One*, 195 S.W.3d 874, 875 (Tex. App.—Dallas 2006, pet. dism'd w.o.j.). Since that time, appellant has filed multiple lawsuits against various parties in state and federal court contesting the justice court's order. *See Chambers v. State*, 261 S.W.3d 755, 757–58 (Tex. App.—Dallas 2008, pet. denied) (affirming district court's orders granting jurisdictional plea because appellant did not allege facts showing State waived immunity and concluding suit was collateral attack against justice court's judgment); *Chambers v. Perry*, No. 05-09-00407-CV, 2010 WL 1052909, at *4 (Tex. App.—Dallas Mar. 24, 2010, pet. denied) (mem. op.) (affirming district court's denial of bill of review); *see also Chambers v. SPCA of Texas*, No. 3:06-CV-1957-K (N.D. Tex. Oct. 23, 2006) (complaint dismissed under *Rooker-Feldman* doctrine for lack of jurisdiction), *aff'd*, 331 Fed. Appx. 294, 295 (5th Cir. 2009) (per curiam); *Chambers v. State*, No. 3:08-CV-2240-K ECF, 2009 WL 424155, at *2 (N.D. Tex. Feb. 19, 2009) (concluding claims barred by doctrine of res judicata and dismissing case with prejudice as frivolous).

Appellant filed the present lawsuit against the State in March 2012.[1] This time, she alleged a takings claim under the Texas Constitution and sought over $575,000 in damages for the value of the animals seized and the loss of business income. She also sought declarations that her constitutional rights were violated and the justice court lacked subject-matter jurisdiction

---

[1] Although appellant named the SPCA in the caption of her lawsuit and identified the SPCA as an interested party, she asserted no claims against it. Consequently, the SPCA is not a party to the appeal.

over the 2004 animal cruelty case, rendering that court's judgment void. The State filed a plea to the jurisdiction, arguing appellant lacked standing and it was entitled to sovereign immunity as to appellant's pleaded takings claim. The State also asserted as part of its answer that appellant's claims were barred by the doctrine of res judicata and the statute of limitations. The district court granted the State's plea and signed an order dismissing appellant's claims with prejudice. The court also signed a separate order denying appellant's motion for new trial.

## II. State's Claim of Sovereign Immunity

We begin with appellant's fourth and sixth issues, which concern the State's contention it retained sovereign immunity because appellant did not establish a valid takings claim. *See, e.g.*, *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 94–95 (Tex. 2012) (stating district court lacks subject-matter jurisdiction if governmental entity has immunity from suit). Appellant maintains the district court's subject-matter jurisdiction was established "by the Texas Constitution itself" and the State's sovereign immunity was waived because the Texas Constitution "does not limit the taking to only the taking of real estate property."

### a. Legal Standards & Applicable Law

Whether a court has subject-matter jurisdiction and whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject-matter jurisdiction are questions of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004). We therefore review de novo a trial court's ruling on a jurisdictional plea. *Id.* at 226.

A governmental unit's jurisdictional plea can be based on the pleadings or on evidence. *Id.* When a plea to the jurisdiction challenges the pleadings, we look to whether the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id.* (citing *Tex. Ass's of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). We

liberally construe the plaintiff's pleadings in favor of jurisdiction, and we look to the plaintiff's intent, accepting as true the facts alleged. *Id.* at 226, 228.

Sovereign immunity is jurisdictional and bars a lawsuit in which a party has sued the State unless the legislature has expressly consented to suit. *See Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). However, when the State has taken a person's property for public use, consent to suit is not required; rather, the Texas Constitution grants the person consent to sue for compensation. *Id.*; *see also* TEX. CONST. art. I, § 17 (providing that "[n]o person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made"). To plead a valid takings claim and establish waiver of immunity, a claimant must allege the governmental entity (1) intentionally performed certain acts (2) that resulted in a "taking" of property (3) for public use. *Sawyer Trust*, 354 S.W.3d at 390–91. Property is taken for a public use "only when there results to the public some definite right or use in the undertaking." *Bay Ridge Util. Dist. v. 4M Laundry*, 717 S.W.2d 92, 101 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (citing *Borden v. Trespalacios Rice & Irrigation Co.*, 86 S.W. 11, 14 (Tex. 1905)). A key consideration in determining whether property was taken for public use is whether "the public is bearing a cost for which it received a benefit." *City of Borger v. Garcia*, 290 S.W.3d 325, 330 (Tex. App.—Amarillo 2009, pet. denied).

### b. Application of Law to Facts

Appellant alleged in her petition that because the State took and retained her "vested personal property," she was entitled to compensation for the value of the property, including damages for loss of business income. Appellant claimed the State seized her personal property under the "guise of being a health and welfare benefit for the use and benefit of the general

- 4 -

public" and that the public is the "intended beneficiary of the police power statute." She further claimed the State said the "taking" was done for the benefit of the public morals and the "general public had an interest in closing down animal businesses which bred American Kennel Club Registered Puppies" sold to the public because such businesses are puppy mills.

The bulk of appellant's petition contains allegations about how the State exercised its authority to seize her animals under what she calls an unconstitutionally void police power statute (referring to chapter 821 of the health and safety code); she asserted probable cause of criminal activity was required before the State could seize the animals. She specifically alleged that because the State seized property that was not subject to seizure because of the lack of "any criminal activity nexus," the taking of the animals "for the benefit of the public without any probable cause" is just an ordinary taking for which she should be compensated. That is, she wants to be paid for the value of the animals in spite of a unanimous jury verdict finding she cruelly treated the animals.

Contrary to appellant's allegations, however, the State's seizure of over 100 animals from appellant's property because there was reason to believe the animals had been cruelly treated is not a taking of property for public use that entitles her to compensation. *Cf.* Tex. Att'y Gen. Op. No. JM-294 (1984) (stating that the state's exercise of its power to designate and consign to death diseased animals is not a taking or damaging of property proscribed the Texas Constitution). The State seized the animals under the authority of chapter 821 of the health and safety code. *See generally* TEX. HEALTH & SAFETY CODE ANN. §§ 821.021–.025; *id.* § 821.022(a) (permitting peace officer to apply for warrant to seize animal the officer has reason to believe has been or is cruelly treated). That chapter is one of "two avenues [that] exist for the State in protecting animals from cruel treatment"; the other avenue is criminal prosecution under

the penal code. *Granger v. Folk*, 931 S.W.2d 390, 392 (Tex. App.—Beaumont 1996, orig. proceeding). Chapter 821 provides for the removal of neglected or mistreated animals and the eventual taking away of the ownership of the animals if, after a hearing in the justice court, the owner is found to have cruelly treated the animals. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 821.022(a), (b), 821.023(c), (d). If an owner is divested of ownership rights, the court shall order the animals to be sold at a public auction, given to a nonprofit animal shelter, or humanely destroyed if the court decides that the best interests of the animal or that the public health and safety would be served by doing so. *Id.* § 821.023(d)(1)–(3). The owner also is responsible for all court costs and other costs, such as the housing and caring for the animals during the impoundment. *Id.* § 821.023(e)(1)–(5).

Although appellant alleged the State took her property for the benefit of the "general public," she has not alleged (and cannot allege) what benefit the public received under the circumstances presented here or otherwise indicate how the taking of the animals resulted in some right or benefit to the public. Indeed, the primary goal of chapter 821 is to protect the welfare of animals, not provide a benefit to the public. *Pine v. State*, 921 S.W.2d 866, 873 (Tex. App.—Houston [14th Dist.] 1996, writ dism'd w.o.j.).

When a plaintiff "cannot establish a viable takings claim," a trial court lacks jurisdiction and should grant the plea to the jurisdiction. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012); *Kaufman Cnty. v. Combs*, 393 S.W.3d 336, 345 (Tex. App.—Dallas 2012, pet. denied). Because appellant's allegations do not establish the State had intent to take property for the public use, we conclude the State retained its sovereign immunity on appellant's takings claim and the district court properly granted the State's plea to the jurisdiction on this basis. *See Hearts Bluff*, 381 S.W.3d at 491; *see also Cnty. of Cameron v. Brown*, 80 S.W.3d 549,

555 (Tex. 2002) (if pleadings affirmatively negate existence of jurisdiction, then plea to the jurisdiction may be granted without allowing plaintiff opportunity to amend). We overrule appellant's fourth and sixth issues.

The district court also properly granted the State's plea with respect to appellant's declaratory claims. In her petition, appellant also sought "Collateral Attack Declarations" that (1) her constitutional rights had been violated by application of the "821 Statutes"; (2) sections 821.021 and 821.022 are void because no property could have been seized using an unconstitutional law; and (3) the justice court lacked subject-matter jurisdiction, rendering its 2004 judgment void. She alleged the basis for these declarations was an interpretation from this Court that the statute did not require "allegations of probable cause proof of any criminal activity connection between the vested private property the State is seeking the forfeiture of and some crime or criminal law violation" and because of this interpretation, the "always unconstitutional police power statute" is now void. (referring to *Chambers*, No. 05-09-00407-CV, 2010 WL 1052909, at \*4). We construe appellant's first issue as concerning her requests for declarations. *Cf. Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989) (noting practice to construe points of error liberally).

Immunity from suit is waived if a party affected by a statute joins a governmental entity and seeks a declaration that a statute is invalid based on constitutional grounds. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009); *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995). However, if the suit attempts to subject the State to liability, sovereign immunity is implicated. *See City of Dallas v. Blanton*, 200 S.W.3d 266, 280 (Tex. App.—Dallas 2006, no pet.). In other words, appellant cannot circumvent the State's immunity from suit by characterizing a suit for money damages as one seeking declaratory relief. *See Heinrich*, 284

S.W.3d at 370–71 (A "litigant's request for declaratory relief does not alter a suit's underlying nature.").

Here, appellant's requests for declarations form the basis of her takings claim. She asserted the State "intentionally used unconstitutional state police power statutes which the State Legislature knew violated" her constitutional rights and because her property was unconstitutionally seized, she discovered the 2004 justice court judgment "was just an ordinary taking of property for public benefit" for which she should be compensated. Intertwined with these arguments is her repeated assertion that the resulting 2004 "forfeiture judgment" was void because the justice court "could never have been given subject matter jurisdiction" over property that was unconstitutionally seized. In order to address her request for compensation, a court would have to necessarily construe the statute and the justice court's jurisdiction in the manner she suggests. That is, she claims that once the 2004 justice court judgment is set aside because it is void, violates her constitutional rights, or because the court lacked jurisdiction, her legal right to file a takings claim is established. Thus, her claims for declaratory relief are merely a recast of her takings claim for which immunity has not been waived. *See Sawyer Trust*, 354 S.W.3d at 388 ("[S]overeign immunity will bar an otherwise proper DJA claim that has the effect of establishing a right to relief against the State for which the Legislature has not waived sovereign immunity.").

Likewise, any contention the justice court lacked subject-matter jurisdiction over the proceedings brought under chapter 821 of the health and safety code is without merit. Two avenues existed for the State to protect the animals seized from appellant's property from cruel treatment. *See Granger*, 931 S.W.2d at 392. Here, the State filed the 2004 animal cruelty proceeding under the health and safety code, not as a crime under the penal code. As we have

said, "the legislature passed chapter 821 of the Texas Health and Safety Code to provide justice courts with special and limited jurisdiction over actions alleging cruel treatment of animals." *Chambers*, 261 S.W.3d at 759 (citing TEX. HEALTH & SAFETY CODE ANN. §§ 821.022–.025 and *Pitts v. State*, 918 S.W.2d 4, 5 (Tex. App.—Houston [14th Dist.] 1995, no writ)). Appellant's assumptions that the justice court lacked "criminal court magistrate jurisdiction" to render the 2004 judgment are unfounded. Appellant's first issue is decided against her.

Finally, we conclude the district court properly denied appellant's motion for new trial. Appellant's motion for new trial was a rehash of her petition and did not provide sufficient reasons for why her case should not be dismissed. Based on our resolution of appellant's first, fourth, and sixth issues, we need not address appellant's fifth issue of whether she acquired standing to assert her takings claim or her second and third issues, which concern application of the doctrine of res judicata and the statute of limitations. *See* TEX. R. APP. P. 47.1. It also is not necessary to address her remaining issue because the argument raised would not result in any relief.

### III. Conclusion

The district court's orders are affirmed.


/Douglas S. Lang/
DOUGLAS LANG
121178F.P05                                          JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARSHA CHAMBERS, Appellant

No. 05-12-01178-CV      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 85578-422.
Opinion delivered by Justice Lang.
Justices FitzGerald and Lewis participating.

In accordance with this Court's opinion of this date, the trial court's orders are **AFFIRMED**. It is **ORDERED** that appellee The State of Texas recover its costs of this appeal from appellant Marsha Chambers.

Judgment entered this 26th day of August, 2013.

/Douglas S. Lang/
DOUGLAS LANG
JUSTICE