Marsha CHAMBERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–07–00796–CV.

Court of Appeals of Texas,
Dallas.

July 24, 2008.

Rehearing Overruled Sept. 22, 2008.

Marsha Chambers, Kaufman, TX, pro se.

Ginger Phillips, Austin, TX, for Appellee.

Before Justices MOSELEY, BRIDGES, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Marsha Chambers appeals the district court's orders dismissing her claims against the State of Texas for want of jurisdiction and denying her motion for new trial. The State did not file a brief. We affirm the district court's orders.

In November 2004, the State seized 121 dogs and 1 cat from appellant's property and filed an animal cruelty action against her in Kaufman County justice court to divest her of the animals.[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 821.001–.025 (Vernon 2003 & Supp.2007).[2] Following a unanimous jury verdict finding that appellant cruelly treated the animals, the justice court signed an order giving the animals to the Dallas Society for the Prevention of Cruelty to Animals (the SPCA). *See* TEX. HEALTH & SAFETY CODE ANN.

---

**1.** Appellant refers to the action filed in the justice court as a "civil forfeiture" action.

**2.** Because subsequent amendments to chapter 821 do not affect our analysis of this case, we refer to the current version of the statute.

§ 821.023(d)(2) (Vernon Supp.2007); *Chambers v. Justice Court Precinct One,* 195 S.W.3d 874, 875 (Tex.App.-Dallas 2006, pet. dism'd w.o.j.). Appellant appealed to the district court, which dismissed her appeal for want of jurisdiction. *See Chambers,* 195 S.W.3d 874, 875. Appellant appealed that dismissal to this Court, and we affirmed the district court's order of dismissal. *Id.*

On October 24, 2006, appellant filed this lawsuit against the State in Kaufman County district court, seeking return of the animals and a declaration that her constitutional rights were violated in the animal cruelty case. The State filed a plea to the jurisdiction, which the district court granted. The court then dismissed appellant's claims for want of jurisdiction and denied her motion for new trial.

Appellant's amended notice of appeal states:

Marsha Chambers ... gives notice of her intent to Appeal the trial court's decision of June 25, 2007 to deny her right to a New Trial.... The Plaintiff was informed that no Findings of Fact Occurred by this Trial Court and that the only issue was the argument of law which the Court of Appeals reviews de novo because the District Court was granting the State plea to jurisdiction and/or immunity and ruling that it lacked jurisdiction to address the issue of Declaratory Relief. This judgment was rendered even when all laws and statutes express that the State waived immunity when the state filed a civil lawsuit against the Plaintiff first and also when that Civil Forfeiture Jury Trial was held in JP Court that completely lacked subject matter jurisdiction to hear the civil forfeiture case that was filed by the State of Texas which also violated the Plaintiff's Constitutional Right thereby waiving immunity a second time.

We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex.1978). Giving appellant's amended notice of appeal a liberal interpretation, we construe her ten issues on appeal to assert that the district court erred by granting the State's plea to the jurisdiction and denying her motion for new trial.

PLEA TO THE JURISDICTION

The State's plea to the jurisdiction contended that the district court did not have jurisdiction of appellant's lawsuit because she did not allege any waiver of sovereign immunity applicable to the case. Appellant argued that the State waived its immunity to her lawsuit by filing the animal cruelty action in justice court.

Sovereign immunity deprives a trial court of subject matter jurisdiction over lawsuits against the state unless the state consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex.2004). Sovereign immunity is waived only when the legislature has clearly and unambiguously expressed that intent. *See* TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2007); *Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 641 (Tex. 2004).

A party may challenge the trial court's subject matter jurisdiction by filing a plea to the jurisdiction. *Miranda,* 133 S.W.3d at 225–26. The plaintiff has the burden to plead facts affirmatively showing the trial court has subject matter jurisdiction. *Id.* The governmental unit then has the burden to assert and support its contention, with evidence, that the trial court lacks subject matter jurisdiction. *Id.* at 228. If it does so, the plaintiff must

raise a material fact issue regarding jurisdiction to survive the plea to the jurisdiction. *Id.* at 228. In conducting our review, we construe the pleadings liberally in favor of the plaintiff and look to the plaintiff's intent. *Id.* at 226–27. We consider the pleadings and the evidence pertinent to the jurisdictional inquiry. *Id.; City of Dallas v. First Trade Union Sav. Bank*, 133 S.W.3d 680, 686 (Tex.App.-Dallas 2003, pet. denied). If the evidence creates a fact issue concerning jurisdiction, the plea to the jurisdiction must be denied. *Miranda*, 133 S.W.3d at 227–28. If the evidence is undisputed or fails to raise a fact issue concerning jurisdiction, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

Appellant's first amended petition seeks a declaration that the justice court did not have jurisdiction to hear the animal cruelty case and, as a result, did not have authority to seize her dogs and cat. She prays for return of the animals. In her response to the State's plea to the jurisdiction, she contended that the State waived immunity in this lawsuit because it initiated the allegations in the animal cruelty case. She also argued that the justice court did not have jurisdiction of that case. On appeal, appellant cites authority stating that the State waives its sovereign immunity when it seeks affirmative relief in the form of monetary damages, but her petition does not allege any affirmative relief that the State is seeking in this case. And she does not cite authority that by filing the animal cruelty case, the State waived immunity in this separate case.

We conclude that appellant did not carry her burden to allege facts showing the State waived its sovereign immunity in this case. *See id.* at 225–26.

We resolve issue five against appellant.

## MOTION FOR NEW TRIAL

Appellant also argues that the district court erred by denying her motion for new trial. In her motion, she contended that the health and safety code provisions at issue in the animal cruelty case were unconstitutional as applied to her because (1) the justice court did not have jurisdiction to hear a "civil forfeiture" case in which the property was valued at $60,000; (2) the justice of the peace did not have authority to issue the seizure warrant for the animals; and (3) the State did not allege that her dogs were malnourished. She asked for a new trial or an order declaring the justice court judgment void because that court lacked jurisdiction to render the order.

 We construe this lawsuit as a collateral attack on the justice court's final judgment. Collateral attacks on final judgments are generally not allowed because policy favors finality of court judgments. *Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex.2005). To prevail on this issue, appellant must prove that the justice court's judgment is void. *See id.* at 346 (only a void judgment may be collaterally attacked). A judgment is void if the court rendering the judgment (1) did not have jurisdiction of the parties, (2) did not have jurisdiction over the subject matter, (3) did not have jurisdiction to render the judgment, or (4) did not have the capacity to act as a court. *See id.*

### A. Claim that justice court did not have jurisdiction

 Appellant argues that only district courts have jurisdiction to entertain "civil forfeiture" suits and that the justice court did not have jurisdiction to hear the animal cruelty case. We disagree.

The Texas Constitution gives justice courts exclusive jurisdiction over civil cases in which the amount in controversy

is $200 or less, original jurisdiction over misdemeanor cases that are punishable by a fine only, "*and such other jurisdiction as may be provided by law.*" TEX. CONST. art. V, § 19 (emphasis added). Pursuant to its constitutional authority, the legislature passed chapter 821 of the Texas Health and Safety Code to provide justice courts with special and limited jurisdiction over actions alleging cruel treatment of animals. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 821.022–.025; *Pitts v. State,* 918 S.W.2d 4, 5 (Tex.App.-Houston [14th Dist.] 1995, no writ).

We conclude that appellant has not shown that the justice court lacked jurisdiction to hear the animal cruelty case. As a result, her collateral attack on that judgment on this basis must fail. *See Tesco Am., Inc. v. Strong Indus., Inc.,* 221 S.W.3d 550, 556 & n. 31 (Tex.2006).

We resolve issues one, two, three, four, six, seven, and eight against appellant.

**B. Claim that justice court did not have authority to issue seizure warrant**

■ Appellant also contends that the justice court did not have jurisdiction to issue a seizure warrant for her animals under code of criminal procedure article 18.18 because the justice of the peace was not a lawyer and because appellant was not charged with a crime under penal code sections 42.09 or 42.10. The record shows that the seizure warrant was issued pursuant to section 821.022 of the health and safety code, not pursuant to article 18.18 of the code of criminal procedure. Section 821.022 specifically authorizes a justice court to issue a warrant to seize animals in which there is probable cause to believe the animals are being treated cruelly. *See* TEX. HEALTH & SAFETY CODE ANN. § 821.022(a)-(b) (Vernon Supp.2007). Additionally, penal code sections 42.09 and 42.10 do not apply here because appellant

was not charged with a crime. Instead, the record shows that the State filed the animal cruelty case pursuant to chapter 821 of the health and safety code dealing with the health and safety of animals, not as a crime under the penal code. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 821.001–.025.

We resolve issue ten against appellant.

**C. Claim that dogs were not malnourished**

■ Appellant also appears to argue that the statute is unconstitutional as applied to her because there was no evidence indicating her dogs were malnourished. To the extent appellant attempts to relitigate the merits of the issues tried in the justice court, it is an impermissible collateral attack on the justice court's judgment. *See Tesco Am., Inc.,* 221 S.W.3d at 556 & n. 31; *Browning,* 165 S.W.3d at 346. Additionally, even if appellant proved that the provisions of chapter 821 were unconstitutional as applied to her, it would render the justice court's judgment merely voidable, not void. *See Tesco,* 221 S.W.3d at 556; *Reiss v. Reiss,* 118 S.W.3d 439, 442–43 (Tex.2003). Consequently, it is an impermissible collateral attack on the justice court's judgment. *Reiss,* 118 S.W.3d at 443.

We resolve issue nine against appellant.

CONCLUSION

We affirm the district court's orders dismissing appellant's claims and denying her motion for new trial.