TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-09-00226-CV




Terrence Stewart, Appellant

v.

Texas Health and Human Services Commission, Appellee




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. D-1-GN-08-003120, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N

                        Pro se appellant Terrence Stewart filed suit against appellee Texas Health and Human
Services Commission (“HHSC”), alleging that HHSC was “coercing labor without pay . . . by denial
of food-stamps” and asking the court to require HHSC to “provide real job training,” return nine
months of food stamps, and void a denial of food-stamp benefits that occurred when HHSC “failed
to provide promised transportation to an [HHSC] required meeting.”


 HHSC answered and filed a
plea to the jurisdiction asserting that Stewart had not stated a cognizable claim or met the statutory
prerequisites to suit, that his purported claims were not ripe, and that HHSC was protected by
sovereign immunity. After a hearing on HHSC’s plea, the trial court granted the plea and dismissed
Stewart’s claims for lack of jurisdiction. Stewart appeals, arguing that HHSC required recipients of
food stamps submit to thirty hours per week of “unpaid involuntary servitude to a government
or church” and that HHSC’s rules violated federal regulations on food stamps. We affirm the
trial court’s order.
                        HHSC attached to its plea to the jurisdiction documents showing that Stewart
appealed from a denial of an application for food stamps. A hearing was held, and the hearing
officer found that Stewart missed a scheduled employment and training session and did not contact
the Texas Workforce Commission (TWC) to explain his absence. When TWC heard nothing from
Stewart for ten days, it asked HHSC to sanction Stewart. HHSC notified Stewart that the missed
appointment was at least his third instance of noncompliance with the employment and training
program and that his food stamps would be denied for six months. The hearing officer concluded
that HHSC’s sanction was in accordance with Texas rules and that requiring food-stamp recipients
to perform volunteer work or comply with employment and training activities was not involuntary
servitude. The hearing officer upheld HHSC’s penalty, as did an administrative review of the
hearing officer’s decision. On May 22, Stewart was notified that he had thirty days to seek judicial
review in the district court.


 Stewart filed his petition in the trial court on August 28, 2008. 
                        At the hearing on HHSC’s plea to the jurisdiction, Stewart, who was participating via
telephone, insisted that the August 28 petition was his second petition. He said he sent his first
petition in mid-June and received a letter from the trial court that prompted him to send the
August 28 petition. He said, “I sent in the form, waited for a response. When I got a response, I did
what the response asked of me.” He asked how he could have gotten the court’s indigence form if
the court had not mailed it to him. Beyond insisting that his August petition was not his first filing,
Stewart did not provide any proof that he had mailed an earlier petition for judicial review, so the
trial court ruled that it lacked jurisdiction over the matter.
                        About two weeks after the trial court’s decision, Stewart filed a document stating that
he was appealing the dismissal and asserting that he had filed a petition for judicial review within
thirty days of the May 22 final administrative decision. Stewart attached a letter he received from
the trial court clerk that was dated August 5, 2008, and was apparently sent in reference to a letter
from Stewart dated June 17, 2008. The clerk’s letter states that the clerk’s office had “received
paperwork from you indicating that you will be representing yourself in a civil suit to be filed with
this office.” The letter informed Stewart that the clerk’s office had “not received your petition. In
order to begin your lawsuit, you must file a petition.” The letter also told Stewart that he had to pay
a filing fee or submit an affidavit of indigence. Stewart points to this letter as proof that he filed his
first petition on or about June 17.
                        Although we are sympathetic to the difficulties faced by pro se litigants, the courts
are required to hold such litigants to the same legal standards as parties represented by counsel, even
as we liberally construe a pro se party’s arguments and filings. See Mansfield State Bank v. Cohn,
573 S.W.2d 181, 184-85 (Tex. 1978); Chambers v. State, 261 S.W.3d 755, 757 (Tex. App.—Dallas
2008, pet. denied). Once HHSC presented evidence showing that Stewart had not filed a timely
petition for judicial review, Stewart had the burden of producing evidence to show he had timely
sought review. Stewart produced no evidence in response to HHSC’s plea to the jurisdiction. After
the trial court’s decision, he presented the clerk’s office’s letter that shows only that Stewart sent
something indicating he intended to seek judicial review. However, the letter specifically states that
the clerk’s office had not received a petition to initiate a suit for judicial review. Therefore, the trial
court did not err in concluding that Stewart did not seek judicial review within the thirty-day
deadline and that the court lacked jurisdiction over the suit. See HCA Healthcare Corp. v. Texas
Dep’t of Ins., 303 S.W.3d 345, 352 (Tex. App.—Austin 2009, no pet.) (“Because the Hospitals failed
to file their petitions for judicial review . . . within the required 30-day time frame, the district court
was without jurisdiction to consider them.”). 
                        The trial court had proper grounds for dismissal and did not err in dismissing
Stewart’s suit for lack of jurisdiction. We affirm the trial court’s order.
 
 
                                                                        __________________________________________
                                                                        David Puryear, Justice
Before Justices Patterson, Puryear and Pemberton
Affirmed
Filed: December 9, 2010