# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-09-00226-CV

**Terrence Stewart, Appellant**

**v.**

**Texas Health and Human Services Commission, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. D-1-GN-08-003120, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Pro se appellant Terrence Stewart filed suit against appellee Texas Health and Human

Services Commission ("HHSC"), alleging that HHSC was "coercing labor without pay . . . by denial

of food-stamps" and asking the court to require HHSC to "provide real job training," return nine

months of food stamps, and void a denial of food-stamp benefits that occurred when HHSC "failed

to provide promised transportation to an [HHSC] required meeting."[1]  HHSC answered and filed a

plea to the jurisdiction asserting that Stewart had not stated a cognizable claim or met the statutory

---

[1]  Stewart has filed two documents he has titled "Appellant's Brief."  These very brief documents do not comply with the rules of appellate procedure and present very little in the way of argument or explanation of his complaints.  *See* Tex. R. App. P. 38.1.  Although pro se appellants are held to the same standard as parties represented by counsel to avoid giving unrepresented parties an advantage over represented parties, *see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978), we will address Stewart's complaints as best we can, rather than striking his brief and dismissing the cause.  *See* Tex. R. App. P. 38.8(a)(1); *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 842 (Tex. App.—Dallas 2008, no pet.).

prerequisites to suit, that his purported claims were not ripe, and that HHSC was protected by sovereign immunity. After a hearing on HHSC's plea, the trial court granted the plea and dismissed Stewart's claims for lack of jurisdiction. Stewart appeals, arguing that HHSC required recipients of food stamps submit to thirty hours per week of "unpaid involuntary servitude to a government or church" and that HHSC's rules violated federal regulations on food stamps. We affirm the trial court's order.

HHSC attached to its plea to the jurisdiction documents showing that Stewart appealed from a denial of an application for food stamps. A hearing was held, and the hearing officer found that Stewart missed a scheduled employment and training session and did not contact the Texas Workforce Commission (TWC) to explain his absence. When TWC heard nothing from Stewart for ten days, it asked HHSC to sanction Stewart. HHSC notified Stewart that the missed appointment was at least his third instance of noncompliance with the employment and training program and that his food stamps would be denied for six months. The hearing officer concluded that HHSC's sanction was in accordance with Texas rules and that requiring food-stamp recipients to perform volunteer work or comply with employment and training activities was not involuntary servitude. The hearing officer upheld HHSC's penalty, as did an administrative review of the hearing officer's decision. On May 22, Stewart was notified that he had thirty days to seek judicial review in the district court.[2] Stewart filed his petition in the trial court on August 28, 2008.

---

[2] *See* Tex. Gov't Code Ann. § 2001.176 (West 2008) (person may seek judicial review by filing petition within thirty days of date complained-of decision is final and appealable); 1 Tex. Admin. Code § 357.703 (2010) (Texas Health & Human Servs. Comm'n, Hearings) (person may appeal adverse decision by filing petition in district court within thirty days of notice of final decision).

At the hearing on HHSC's plea to the jurisdiction, Stewart, who was participating via telephone, insisted that the August 28 petition was his second petition. He said he sent his first petition in mid-June and received a letter from the trial court that prompted him to send the August 28 petition. He said, "I sent in the form, waited for a response. When I got a response, I did what the response asked of me." He asked how he could have gotten the court's indigence form if the court had not mailed it to him. Beyond insisting that his August petition was not his first filing, Stewart did not provide any proof that he had mailed an earlier petition for judicial review, so the trial court ruled that it lacked jurisdiction over the matter.

About two weeks after the trial court's decision, Stewart filed a document stating that he was appealing the dismissal and asserting that he had filed a petition for judicial review within thirty days of the May 22 final administrative decision. Stewart attached a letter he received from the trial court clerk that was dated August 5, 2008, and was apparently sent in reference to a letter from Stewart dated June 17, 2008. The clerk's letter states that the clerk's office had "received paperwork from you indicating that you will be representing yourself in a civil suit to be filed with this office." The letter informed Stewart that the clerk's office had "not received your petition. In order to begin your lawsuit, you must file a petition." The letter also told Stewart that he had to pay a filing fee or submit an affidavit of indigence. Stewart points to this letter as proof that he filed his first petition on or about June 17.

Although we are sympathetic to the difficulties faced by pro se litigants, the courts are required to hold such litigants to the same legal standards as parties represented by counsel, even as we liberally construe a pro se party's arguments and filings. *See Mansfield State Bank v. Cohn*,

3

573 S.W.2d 181, 184-85 (Tex. 1978); *Chambers v. State*, 261 S.W.3d 755, 757 (Tex. App.—Dallas 2008, pet. denied). Once HHSC presented evidence showing that Stewart had not filed a timely petition for judicial review, Stewart had the burden of producing evidence to show he had timely sought review. Stewart produced no evidence in response to HHSC's plea to the jurisdiction. After the trial court's decision, he presented the clerk's office's letter that shows only that Stewart sent something indicating he intended to seek judicial review. However, the letter specifically states that the clerk's office had not received a petition to initiate a suit for judicial review. Therefore, the trial court did not err in concluding that Stewart did not seek judicial review within the thirty-day deadline and that the court lacked jurisdiction over the suit. *See HCA Healthcare Corp. v. Texas Dep't of Ins.*, 303 S.W.3d 345, 352 (Tex. App.—Austin 2009, no pet.) ("Because the Hospitals failed to file their petitions for judicial review . . . within the required 30-day time frame, the district court was without jurisdiction to consider them.").

The trial court had proper grounds for dismissal and did not err in dismissing Stewart's suit for lack of jurisdiction. We affirm the trial court's order.

_____

David Puryear,  Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:  December 9, 2010

4