

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00323-CR

**IN RE** Jesse Lee **FLORES**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:    Sandee Bryan Marion, Chief Justice
            Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice

Delivered and Filed: June 10, 2015

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On May 27, 2015, relator Jesse Lee Flores filed a petition for writ of mandamus seeking an order from this court directing the Texas Department of Criminal Justice to recalculate his time credits and find him eligible for immediate release from incarceration.[2] However, this court does not have jurisdiction to grant the requested relief. By statute, this court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a)-(b) (West 2004). We conclude the writ is not necessary to enforce our jurisdiction. Accordingly, relator's petition for writ of mandamus is dismissed for lack of jurisdiction.

---

[1] This proceeding arises out of Cause No. 91-05-112CRW, styled *The State of Texas v. Jesse Lee Flores*, pending in the 218th Judicial District Court, Wilson County, Texas.

[2] Flores captioned his pleading as a "Motion to Correct Clerical Error Nunc Pro Tunc," however, we liberally construe the substance of his complaint and the relief requested as a petition for writ of mandamus. *See, e.g., Chambers v. State*, 261 S.W.3d 755, 757 (Tex. App.—Dallas 2008, pet. denied).

Additionally, relator filed a motion to waive any requirement to file six copies of his pleading. The rules of appellate procedure no longer require multiple paper copies of documents to be filed. *See* TEX. R. APP. P. 9.3 (requiring an original and one copy for documents filed in paper form). Further, no motion for leave is required in order for this court to accept relator's document for filing. *See* TEX. R. APP. P. 2 (providing the court's authority to suspend a rule's operation for good cause on its own motion). Therefore, relator's motion is denied as moot.

PER CURIAM

DO NOT PUBLISH