# Supreme Court of Texas

No. 20-0571

Li Li,

*Petitioner*,

v.

Pemberton Park Community Association,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

## PER CURIAM

Petitioner Li owns a residence in Houston that is subject to restrictive covenants found in the "Declaration of Covenants, Restrictions and Easements for Pemberton Park" (Covenants). Respondent Pemberton Park Community Association (Association) enforces the Covenants. The Association sued Li for violations of several Covenants. Li represented herself during most of the trial court proceedings. The trial court granted summary judgment for the Association, and the court of appeals affirmed. ___ S.W.3d ___, 2020 WL 1467350 (Tex. App.—Houston [14th Dist.] Mar. 26, 2020). Li, represented in this Court by counsel, contends that the court of appeals

erred by holding that she failed to preserve for appeal her argument that the Association's enforcement of the Covenants was "arbitrary, capricious, or discriminatory" in violation of section 202.004(a) of the Property Code. We agree. The court of appeals' judgment is reversed, and the case is remanded to that court for further proceedings.

## I.

In September 2014, a hailstorm caused a hairline crack in the exterior stucco of Li's home. The contractor she hired used transparent caulk to seal the crack. In November 2015, the Association asked Li to conceal the crack with paint within 30 days. Li did so and notified the Association on November 16. A representative of the Association responded the next day, saying she "ha[d] notated [Li's] account and closed the violation." In March 2016, however, the Association informed Li that the problem was not fixed because the paint Li used was not the same color as the rest of her home's exterior. Following another attempt by Li to comply and another rejection of her efforts by the Association, the Association informed Li in a September 2016 letter of its intent to sue her. In response, Li sued the Association in justice court. The Association brought the present suit in district court in March 2017. The justice court later dismissed Li's suit.

The Association alleged that Li violated sections 6.02.2 and 8.01.3 of the Covenants by failing to re-paint the damaged area in a color matching the rest of the home's exterior.[1] The Association sought a

---

[1] Those two sections, respectively, provide that "[e]ach Owner shall maintain the exterior of each Owner's residence . . . in an attractive, sound and well maintained condition, including proper maintenance and repair as needed

permanent injunction, statutory damages under section 202.004(c) of the Property Code, and attorney's fees. Li, acting pro se, filed an answer. She alleged, among other defenses, that "[m]any other property owners have lived with much worse violations for many years without being enforced, sued, [or] fined by the [Association], including the President and Directors of the Board of the . . . Association. The [Association] breached the Declaration of Covenant of fair dealing of equal and same manner, Sec. 4.02.3."

The Association moved for summary judgment. Li filed a competing summary-judgment motion, in which she repeated her selective-enforcement allegation and pointed to photographic evidence supporting it. In her response to the Association's motion, Li provided examples and details supporting her claim that the Association "selectively enforced the Defendant and . . . breached the Declaration of Covenant of fair dealing, and of equal and same manner, Sec 4.02.3." Li added that this disparate treatment may have been related to complaints she made on unrelated issues such as unleashed dogs and security gates. At an August 25 hearing, the district court denied the Association's motion for summary judgment to allow the parties to conduct discovery on the defense of selective enforcement.

---

of paint . . . . The exterior paint on each Owner's residence must be maintained so that . . . all painted portions remain neat and free of mildew and discoloration"; and "[a]ll residences, buildings and structures must be kept in good repair, must be painted . . . when necessary to preserve their attractiveness and must otherwise be maintained in such manner as to obtain and maintain Prevailing Community Standards."

3

Following discovery, Li filed another document titled "Cross Motion for Summary Judgment," which alleged that the Association "not only selectively sent out deed violation enforcement letters, but also selectively took follow-up actions for enforcement. The [Association] breached the Declaration of Covenant of fair dealing, and of equal and same manner, Sec. 4.02.3. The Defendant was selectively enforced by the [Association]." She described instances in which the Association allegedly disregarded more serious violations by other residents. The Association responded with evidence intended to demonstrate that "of the fourteen violations which were open during the same time period as Ms. Li's violation, Ms. Li was the only owner who refused to cure the violation." During the trial court proceedings, neither party used the phrase "arbitrary, capricious, or discriminatory" or cited section 202.004(a).[2] "Sec. 4.02.3," to which Li's pleadings repeatedly referred, is a provision of the Covenants entitled "Manner and Effect of Adoption of Architectural Guidelines." It has nothing to do with evenhanded enforcement of the Covenants.

The trial court granted the Association's motion for summary judgment and denied Li's cross-motion. The court issued an injunction ordering Li to re-paint the affected part of her home and directing her to pay the Association $1,000 in statutory damages, court costs, and attorney's fees of $16,572. About a week later, Li, represented by

---

[2] Section 202.004(a) of the Property Code provides that an "exercise of discretionary authority by a property owners' association . . . concerning a restrictive covenant is presumed reasonable unless the court determines by a preponderance of the evidence that the exercise of discretionary authority was arbitrary, capricious, or discriminatory."

counsel for the first time, filed a motion to set aside the summary judgment. This filing restated Li's earlier defenses, including her claim of selective enforcement, though it still made no express mention of section 202.004(a) of the Property Code. The district court denied the motion, and Li appealed.

Li raised two issues on appeal. She argued that summary judgment was improper because a fact issue existed on (1) whether the Association's enforcement of the Covenants was arbitrary, capricious, or discriminatory under section 202.004(a); and (2) whether the Association had abandoned the provisions that Li allegedly violated. The court of appeals refused to consider either argument. It concluded that Li had not raised these points in her summary-judgment response, which meant summary judgment could not be reversed on either basis. 2020 WL 1467350, at *3-4. In this Court, Li challenges the court of appeals' error-preservation holding on the first issue.

## II.

"Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal" of summary judgment. TEX. R. CIV. P. 166a(c). Nevertheless, Rule 166a(c), like "all . . . procedural rules . . . should be construed liberally so that the right to appeal is not lost unnecessarily." *Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 388 (Tex. 2008). Appellate courts should "hesitate to turn away claims based on waiver or failure to preserve the issue." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 221 (Tex. 2017). This is especially so "where the party has clearly and timely

5

registered its objection" to the ruling challenged on appeal. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 365 (Tex. 2014).

This Court has "often held that a party sufficiently preserves an issue for review by arguing the issue's substance, even if the party does not call the issue by name." *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 214 (Tex. 2020). In the same vein, parties on appeal need not always "rely on precisely the same case law or statutory subpart" on which they relied below. *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 896 (Tex. 2018). And while appellate courts "do not consider *issues* that were not raised . . . below," parties may "construct new *arguments* in support of issues" that were raised. *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 764 n.4 (Tex. 2014). These principles have been applied in reviewing grants of summary judgment. *See Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 791 (Tex. 2019); *Nath*, 446 S.W.3d at 365.

The question is whether Li sufficiently preserved the issue of arbitrary enforcement under section 202.004(a) of the Property Code for review by arguing the issue's substance, even though she did not specify the statutory subpart on which she now focuses or couch her argument in the subpart's terminology. We hold that she did. Both Li's response to the Association's summary-judgment motion and her cross-motion for summary judgment argued that the Association "selectively enforced" its restrictive covenants and failed to engage in "fair dealing" or apply the covenants in an "equal and same manner [sic]." Although she did not use the words "arbitrary, capricious, or discriminatory" or cite section 202.004(a), she argued the issue's substance despite not calling

6

it by name.  *Flakes*, 595 S.W.3d at 214.  She did so by arguing that she was singled out for discriminatory and arbitrary treatment because the deed restrictions were "selectively enforced" against her.

Li's pleadings further elaborated on the selective-enforcement argument contained in her summary-judgment papers by explaining that "[m]any other property owners . . . have lived with much worse violations . . . for many years without being enforced, sued, [or] fined by the [Association]."  She claimed that she was singled out because she had complained about unrelated neighborhood issues.  Such inconsistent treatment of similarly situated property owners is just the kind of "arbitrary, capricious, or discriminatory . . . exercise of discretionary authority" prohibited by section 202.004(a).[3]

The Association contends that even if Li's allegation of selective enforcement would otherwise have been enough to preserve a complaint under section 202.004(a), she disclaimed reliance on section 202.004 by instead citing section 4.02.3 of the Covenants.  We have held, however, that mistakenly citing the wrong legal authority does not necessarily waive an argument whose substance is otherwise made known to the court.  *See Nath*, 446 S.W.3d at 364-65 (party adequately preserved for appeal issue of whether sanctions were excessive in violation of due process clause even though he mistakenly cited Eighth Amendment).

---

[3] *See, e.g.*, *Sierra Crest Homeowners Ass'n v. Villalobos*, 527 S.W.3d 235, 243-44, 248 (Tex. App.—El Paso 2016, no pet.); *Nolan v. Hunter*, No. 04-13-00072-CV, 2013 WL 5431050, at *4 (Tex. App.—San Antonio Sept. 25, 2013, no pet.); *Leake v. Campbell*, 352 S.W.3d 180, 190 (Tex. App.—Fort Worth 2011, no pet.); *Glenwood Acres Landowners Ass'n v. Alvis*, No. 12-07-00072-CV, 2007 WL 2178554, at *2 (Tex. App.—Tyler July 31, 2007, no pet.).

Li's inapposite reference to section 4.02.3 was a mistake by a pro se litigant, not an invocation of alternative authority that altered the substance of Li's argument.

Indeed, the record indicates that the Association was under no misimpression as to the substance of Li's argument. The Association responded to Li's claim of "selective enforcement" by introducing evidence that, "of the fourteen violations which were open during the same time period as Ms. Li's violation, Ms. Li was the only owner who refused to cure the violation." That the Association introduced evidence intended to justify its treatment of Li as compared to other property owners indicates that the Association understood that Li's argument was in substance a complaint about arbitrary or discriminatory enforcement. Under the fair-notice standard governing pleadings, a party's filing need only provide enough "notice of the facts upon which the pleader bases his claim" such that "the opposing party [has] information sufficient to enable him to prepare a defense." *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982). Even vague legal terminology may clear this bar if it "alert[s]" the opposing party of the conduct for which the pleader "intend[s] to hold him liable" or otherwise legally responsible. *Id.* This standard has been applied not only to petitions and answers, but also to filings relating to motions for summary judgment. *See Parker*, 514 S.W.3d at 224-25. In this case, the standard was met: Li argued "selective enforcement" and, despite citing the wrong authority, she described the allegation with enough clarity to allow the

8

Association to respond in much the same manner as it would have if Li had invoked the correct authority.[4]

Finally, it bears noting that Li represented herself during the relevant stages of the district court proceedings. This Court has said that "[t]here cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Likewise, "[l]itigants who represent themselves must comply with the applicable procedural rules." *Id.* at 185. Our more recent cases, however, have explained that application of a procedural rule—particularly one that "turns on an actor's state of mind"—"may require a different result when the actor is not a lawyer. [This] does not create a separate rule, but recognizes the differences the rule itself contains." *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). This principle is applicable here, because courts' construction of a party's filings in part "turns on [a litigant's] state of mind." *Id.*; *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) ("We construe . . . pleadings" by "look[ing] to the pleaders' intent."). Courts of appeals have accordingly converged upon the view that courts should "review and evaluate pro se pleadings with liberality and patience." *Corona v.*

---

[4] The Association argues that it was prejudiced by Li's failure to cite the Property Code because section 202.004(a) only applies to a property owners' association's "exercise of discretionary authority," and the absence of citation to section 202.004(a) meant the Association had no opportunity to present a defense on this issue. This argument is unpersuasive. The Association provides no reason to doubt that its enforcement of the Covenants against Li was the "exercise of discretionary authority," and we see no possibility it could have shown otherwise if given the chance.

*Pilgrim's Pride Corp.*, 245 S.W.3d 75, 78 n.3 (Tex. App.—Texarkana 2008, pet. denied).[5]

In sum, we hold that Li preserved for appeal her argument that the Association's enforcement of the Covenants was "arbitrary, capricious, or discriminatory" under Texas Property Code section 202.004(a). The parties also dispute whether the summary-judgment evidence created a material fact issue on this point, and the Association further raises questions about the consequence of a section 202.004(a) finding that its actions were "arbitrary, capricious, or discriminatory." Since the court of appeals disposed of this case on error-preservation grounds, it did not consider these matters. We therefore remand this case to the court of appeals for consideration of any issues properly raised in, but not decided by, that court. *See PNC Mortg. v. Howard*, 616 S.W.3d 581, 585 n.8 (Tex. 2021); Tex. R. App. P. 53.4.

For these reasons, without hearing oral argument, the court of appeals' judgment is reversed, and the case is remanded to the court of appeals for further proceedings consistent with this opinion. Tex. R. App. P. 59.1.

**OPINION DELIVERED:** October 1, 2021

---

[5] *See In re A.G.D.*, No. 07-15-00201-CV, 2016 WL 316879, at *2 (Tex. App.—Amarillo Jan. 22, 2016, no pet.); *Stewart v. Tex. Health & Human Servs. Comm'n*, No. 03-09-00226-CV, 2010 WL 5019285, at *2 (Tex. App.—Austin Dec. 9, 2010, no pet.); *Siddiqui v. Siddiqui*, No. 14-07-00235-CV, 2009 WL 508260, at *1 (Tex. App.—Houston [14th Dist.] Mar. 3, 2009, pet. denied); *Chambers v. State*, 261 S.W.3d 755, 757 (Tex. App.—Dallas 2008, pet. denied); *In re Taylor*, 28 S.W.3d 240, 246 (Tex. App.—Waco 2000, orig. proceeding); *White v. Cole*, 880 S.W.2d 292, 294 (Tex. App.—Beaumont 1994, writ denied); *Thomas v. Collins*, 860 S.W.2d 500, 503 (Tex. App.—Houston [1st Dist.] 1993, writ denied).