

**IN THE**
**TENTH COURT OF APPEALS**

---

**No. 10-19-00479-CR**

**EX PARTE MARIA CERVANTES MARTINEZ**

---

**From the County Court at Law No. 1**
**Johnson County, Texas**
**Trial Court No. CC-C20190911**

---

**MEMORANDUM OPINION**

---

In one issue, Maria Cervantes Martinez, contends that the trial court abused its discretion by denying her pretrial application for writ of habeas corpus based on the Double Jeopardy Clause of the United States Constitution. *See* U.S. CONST. amend. V. We affirm.

**Background**

In trial court cause number JP1-AD1800052, a Justice of the Peace found that Martinez unreasonably deprived a horse of necessary food, water, and care. As a result of these findings, the horse was removed from Martinez's custody and transferred to the custody of the Humane Society of North Texas. Martinez was ordered to pay all costs for

securing, housing, and caring for the horse while in the custody of the Humane Society of North Texas.

Subsequently, in trial court cause number M201900892, Martinez was charged by information with cruelty to a livestock animal—the same horse involved in the justice-court proceeding. *See* TEX. PENAL CODE ANN. § 42.09. Specifically, the information alleged that Martinez,

> did then and there intentionally, knowingly, or recklessly fail unreasonably to provide necessary food, water, care or shelter for an animal, namely a <u>HORSE</u> in the defendant's custody, by <u>DEPRIVING THE HORSE OF SUFFICIENT FOOD OR WATER OR FAILING TO SEEK VETERINARY CARE</u>, and the defendant's conduct was not a generally accepted and otherwise lawful form of conduct occurring solely for the purpose of or in support of fishing, hunting, or trapping; or wildlife management, wildlife or depredation control, or shooting preserve practices as regulated by state and federal law; or animal husbandry or agriculture practice involving livestock animals.

(Emphasis in original).

Thereafter, Martinez filed a pretrial application for writ of habeas corpus and a motion to dismiss based on double jeopardy, asserting that because the justice court, in a civil, administrative animal-seizure proceeding, previously found that she cruelly treated the same animal at issue in the current criminal case, then proceedings in the criminal case are barred by Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. *See* U.S. CONST. amend. V (providing that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb").

After a hearing, the trial court denied Martinez's pretrial application for writ of habeas corpus and certified Martinez's right to appeal. This appeal followed.

## Whether Martinez's Habeas Claim is Cognizable

Before we can address the merits of Martinez's habeas claim, we must first determine whether her habeas claim is cognizable. *See Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (noting that, whether an issue is cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved); *see also Ex parte Barnett*, 424 S.W.3d 809, 810 (Tex. App.—Waco 2014, no pet.) (same).

> Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy. This remedy is reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review. Except when double jeopardy is involved, pretrial habeas is not available when the question presented, even if resolved in the defendant's favor, would not result in immediate release. Moreover, pretrial habeas is generally unavailable when the resolution of a claim may be aided by the development of a record at trial. The only recognized exception to the general prohibition against record development on pretrial habeas is when the constitutional right at issue includes a right to avoid trial, such as the constitutional protection against double jeopardy.

*Ex parte Ingram*, 533 S.W.3d 887, 891-92 (Tex. Crim. App. 2017) (internal footnotes & quotations omitted); *see Ex parte Wiese*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001); *see also Ex parte Couch*, 629 S.W.3d 217, 217 (Tex. Crim. App. 2021)(per curiam).

In her habeas application, Martinez asserted that because the justice court adjudicated the allegations that she unreasonably deprived the horse of food, water, and

care, further proceedings are barred by double jeopardy. As such, Martinez requested the dismissal of all criminal charges against her. If we were to resolve the claims made in Martinez's habeas application in her favor, she would be immediately released. *See Ex parte Ingram*, 533 S.W.3d at 891-92. Accordingly, Martinez's habeas claim is cognizable. *See id.* at 891-92; *Ex parte Wiese*, 55 S.W.3d at 619; *see also Ex parte Couch*, 629 S.W.3d at 217.

**The Trial Court's Denial of Martinez's Application for Writ of Habeas Corpus**

On appeal, Martinez argues that the trial court abused its discretion by denying her pretrial application for writ of habeas corpus.

STANDARD OF REVIEW

An applicant for habeas-corpus relief must prove her claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (per curiam). In reviewing the trial court's order denying habeas-corpus relief, we review the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664. We will uphold the trial court's ruling absent an abuse of discretion. *See id.*

The trial court, as the factfinder, is the exclusive judge of witness credibility. *See Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). We afford almost total deference to a trial court's factual findings when those findings are based upon credibility and demeanor. *Id.*; *see Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd). If, however, the trial court's determinations are questions of law or mixed

questions of law and fact that do not turn on an evaluation of witnesses' credibility and demeanor, then we owe no deference to the trial court's determination and review them de novo. *State v. Ambrose*, 487 S.W.3d 587, 596-97 (Tex. Crim. App. 2016); *see Ex parte Paxton*, 493 S.W.3d at 297.

**CRIMINAL PROSECUTION BROUGHT SUBSEQUENT TO A CIVIL PROCEEDING**

To the extent that Martinez contends that double jeopardy precludes the State from pursuing criminal charges against her for failing to provide necessary food, water, or care for the horse because those issues were previously litigated in justice court, we note that the justice-court proceedings conducted in this case were civil in nature under sections 821.022 and 821.023 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 821.022-.023; *see also State v. Almendarez*, 301 S.W.3d 886, 891 (Tex. App.—Corpus Christi 2009, no pet.) ("The provisions in Subchapter B of Chapter 821 of the Texas Health and Safety Code, and specifically sections 821.022-.023, are civil in nature." (citing *Chambers v. State*, 261 S.W.3d 755, 759 (Tex. App.—Dallas 2008, pet. denied); *Granger v. Folk*, 931 S.W.2d 390, 392 (Tex. App.—Beaumont 1996, pet. denied)).

Several courts have held that "[d]ouble jeopardy does not bar remedial civil proceedings based on the same offense as a prior criminal prosecution, or vice versa." *Almendarez*, 301 S.W.3d at 890 (citing *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 235-36, 93 S. Ct. 489, 34 L. Ed. 2d 438 (1972) (per curiam) (stating that Congress may impose both a civil and criminal sanction for the same act or omission and that the

double-jeopardy clause merely prohibits attempting to punish criminally for the same offense); *State v. Solar*, 906 S.W.2d 142, 146 (Tex. App.—Fort Worth 1995, pet. ref'd); *Malone v. State*, 864 S.W.2d 156, 159 (Tex. App.—Fort Worth 1993, no pet.)); *see Chambers*, 261 S.W.3d at 759 (stating "that the State filed the animal cruelty case pursuant to chapter 821 of the health and safety code dealing with the health and safety of animals, not as a crime under the penal code"); *Ex parte Sheridan*, 974 S.W.2d 129, 134 (Tex. App.—San Antonio 1998, pet. ref'd) ("It is well settled that the legislature may impose both a criminal and a civil sanction in respect to the same act or omission."); *Granger*, 931 S.W.2d at 392 ("Clearly, two avenues exist for the State in protecting animals from cruel treatment, i.e., criminal prosecution under . . . the [Texas] Penal Code and the civil remedy provided under Section 821.023 of the [Texas] Health and Safety Code."). Indeed, section 821.023 of the Texas Health and Safety Code expressly contemplates the possibility of criminal proceeding brought subsequent to civil proceedings. *See* TEX. HEALTH & SAFETY CODE ANN. § 821.023(b) ("A statement of an owner made at a hearing provided for under this subchapter is not admissible in a trial of the owner for an offense under section 42.09 or 42.092, Penal Code."); *see also Granger*, 931 S.W.2d at 392 (stating that section 821.023(a) "presumes a criminal proceeding prior to the civil proceeding while [section 821.023(b)] presumes the reverse[]" and that "in the criminal proceeding, a defendant may face loss of freedom or fine or both, whereas, a proceeding under section 821.023 may subject the defendant to a loss, forfeiture[,] and confiscation of property rights and interests").

And finally, like our sister court, we cannot say that the justice court's sanctions were so punitive, either in purpose or effect, as to transform the civil action and remedies imposed into a criminal punishment. *See Almendarez*, 301 S.W.3d at 895-896 (holding that a subsequent criminal prosecution for cruelty to animals does not violate the double-jeopardy prohibitions of the United States and Texas Constitution because sections 821.022 and 821.023 of the Texas Health and Safety Code are civil and remedial in nature, and because, after applying the *Hudson* factors, the sanctions available to and imposed by the justice court pursuant to sections 821.022 and 821.023 of the Texas Health and Safety Code were not so punitive as to transform the civil action and remedies imposed into a criminal punishment); *see also Hudson v. United States*, 522 U.S. 93, 99, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997) (describing seven factors to consider whether the effects of a statute are criminally punitive and holding that a civil suit resulting in monetary civil penalties for a violation of federal banking statutes did not bar later criminal prosecution).[1]

---

[1] As described by the *Hudson* Court, the seven factors to consider whether the effects of a statute are criminally punitive are: (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment-retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned. *Hudson v. United States*, 522 U.S. 93, 99-100, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997).

Thus, we conclude that the decision of the justice court is a civil matter and does not implicate double jeopardy because it does not constitute a successive criminal prosecution, it is not an "essentially criminal" proceeding, and it does not carry the possibility of multiple punishments. *See Breed v. Jones*, 421 U.S. 519, 528, 95 S. Ct. 1779, 44 L. Ed. 2d 346 (1975); *State v. Akin*, 484 S.W.3d 257, 266-67 (Tex. App.—Corpus Christi 2016, no pet.); *see also Coakwell v. State*, No. 05-07-00433-CR, 2008 Tex. App. LEXIS 1660, at **6-9 (Tex. App.—Dallas Mar. 6, 2008, no pet.) (supplemental op. on reh'g, not designated for publication). As such, the civil proceedings in justice court did not preclude the State from also pursuing criminal charges against Martinez for unreasonably depriving the horse of necessary food, water, and care.[2] Accordingly, we hold that the trial court did not abuse its discretion by denying Martinez's pretrial application for writ of habeas corpus. *See Kniatt*, 206 S.W.3d at 664; *see also Ex parte Scott*, 190 S.W.3d at 673. We overrule Martinez's sole issue on appeal.

**Conclusion**

We affirm the judgment of the trial court.

MATT JOHNSON
Justice

---

[2] We recognize that Martinez appears to argue on appeal that the State cannot charge her with unreasonably depriving the horse necessary shelter. This argument lacks merit because of the foregoing, and because of the fact that, although the recitation of the statutory elements in the information includes shelter, the manner and means alleged by the State did not include shelter.

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
(Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed February 2, 2022
Do not publish
[CR25]

