**Affirmed and Opinion Filed February 20, 2024**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**Nos. 05-22-01219-CR**
**05-22-01220-CR**

**HORACE SHAW, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F22-00304-M and F22-00305-M**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Carlyle

Mr. Shaw waived his right to a jury trial and entered an open guilty plea to two charges of manslaughter for a drunken car wreck that killed a pregnant mother and her newborn baby boy, who was delivered by emergency caesarian section at thirty-six weeks the night of the crash. Despite facing up to twenty years' incarceration the way the case was charged, and up to forty had the state exercised its prerogative, the trial court sentenced him to fourteen years. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Mr. Shaw's appellate counsel has filed a motion to withdraw and an *Anders* brief that professionally examines the record and applicable law then concludes the instant appeal is frivolous and without merit. *See generally Anders v. California*, 386 U.S. 738 (1967). Specifically, counsel analyzes potential issues concerning the (1) venue, (2) applicable statute of limitations, (3) appointment of counsel, (4) charging instruments, (5) waiver of the right to a jury, (6) sufficiency of the evidence, (7) objections and rulings, (8) admonitions, (9) validity of the sentence, (10) effective assistance of counsel, and (11) performed duties of appointed counsel.

Counsel certifies that he has provided Mr. Shaw with a copy of the brief and his motion to withdraw. On August 15, 2023, this Court advised Mr. Shaw of his right to file a pro se response to his counsel's *Anders* brief. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (explaining right to file pro se response to an *Anders* brief). The State filed a response in which it also concluded there were no non-frivolous grounds for Mr. Shaw's appeals.[1]

Mr. Shaw filed a pro se response challenging his counsel's *Anders* brief and motion to withdraw. Although the *Anders* brief examines eleven different avenues for potentially reversible error and finds none, Mr. Shaw's response focuses on effective assistance of trial counsel. The *Anders* brief filed by Mr. Shaw's appellate

---

[1] Although the text of the State's letter identifies the appellant as "Bobby Carl Jessie," this appears to be a typo as the remainder of the document (1) references Horace Shaw and the correct appellate case numbers at issue, (2) contains an accurate reference to the *Anders* brief in this case, and (3) contains the correct name of the trial court judge, the trial court, the sentences imposed, and relevant facts.

counsel concludes his trial counsel was not ineffective because he actively cross-examined the State's witnesses and presented witnesses and argument at punishment. The record supports this conclusion and shows his counsel also (1) introduced testimony that Mr. Shaw lacked a criminal history; (2) introduced testimony of Mr. Shaw's career in Dallas as a firefighter paramedic for twelve years; (3) introduced evidence in support of Mr. Shaw's character, including letters from a pastor and a retired district court judge and live testimony from his supervisor, two additional pastors, a chaplain with the Dallas Fire Department, three co-workers, family members, and friends; (4) clarified facts that without clarification could have prejudiced Mr. Shaw's interests; and (5) made two timely objections at the punishment hearing, one of which was sustained and the other of which caused the State to withdraw its question.

Notably, the record shows these cases were filed by information and the state only charged Mr. Shaw with manslaughter for which the sentences could only run concurrently. *See* TEX. PENAL CODE § 3.03(a). Had the state charged Mr. Shaw with intoxication manslaughter, also a second-degree felony, the judge could have ordered the sentences to run consecutively, opening Mr. Shaw up to a potential forty years in prison. *See id.* §§ 3.01, 3.03, 49.08. The fact that the state initiated the cases by information the same day Mr. Shaw entered into his plea agreement provides the basis for an inference that counsel was involved in negotiations before that time and

assisted in securing the manslaughter charge and consequent lower sentencing exposure.

Mr. Shaw's pro se response cites *Government of the Virgin Islands v. Forte* for the proposition that his counsel provided ineffective assistance of counsel by failing to preserve error and that this failure constitutes a nonfrivolous ground for appeal. 865 F.2d 59 (3d Cir. 1989). While Mr. Shaw correctly cited a case involving ineffective assistance of counsel based on a failure to preserve error, he does not point us to any alleged unpreserved error in these cases where he pleaded guilty to manslaughter. Although we liberally construe pro se pleadings and briefs, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Chambers v. State*, 261 S.W.3d 755, 757 (Tex. App.—Dallas 2008, pet. denied). Under the circumstances, the absence of citations to the record constitutes briefing waiver and leaves us with nothing to review. *See* TEX. R. APP. P. 38.1 (g) & (i); *Hill v. State*, No. 05-16-01512-CR, 2018 WL 1516889, at *4 (Tex. App.—Dallas Mar. 28, 2018, no pet.) (mem. op.).

Mr. Shaw further argues his counsel (1) filed an *Anders* brief that is frivolous and "amount[s] to no counsel at all," (2) constructively denied him the right to appellate counsel, (3) failed to conduct a sufficient investigation "that potentially would have produced some more favorable facts and evidence" to his appeal, (4) was ineffective because he accepted the State's version of facts as true without

personally conducting an investigation, and (5) denied him equal protection under the Fourteenth Amendment to the United States Constitution. While several of these arguments correctly cite to cases standing for relevant propositions of law, Mr. Shaw cites to neither the record nor to facts that would enable us to apply the facts to the precedents he cites. *See* TEX. R. APP. P. 38.1 (g) & (i). The absence of citations to facts or the record leaves us with nothing to review. *Eldorado Homeowners' Ass'n, Inc. v. Clough*, No. 05-22-00198-CV, 2024 WL 20170, at \*14 (Tex. App.—Dallas Jan. 2, 2024, no pet. h.) (mem. op.).[2]

We have reviewed the record, the *Anders* brief filed by Mr. Shaw's counsel, Mr. Shaw's challenges thereto, and the letter response filed by the State. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (identifying appellate courts' duties in *Anders* cases). We conclude counsel's amended brief meets the requirements of *Anders v. California*, presents a professional evaluation of the record, and shows why there are no arguable grounds to advance on appeal. *See High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*). We agree the appeal is frivolous and without merit, and we find nothing in the record that might arguably support the appeal.

---

[2] We note that ineffective assistance of counsel claims on direct appeal rarely find sufficient evidentiary support in the record. Texas Code of Criminal Procedure article 11.07 provides a procedural mechanism for claimants like Mr. Shaw to submit evidence to create a trial court record with evidence of his claims for further review.

We affirm the trial court's judgment and grant counsel's motion to withdraw.

221219f.u05

221220f.u05

Do Not Publish
TEX. R. APP. P. 47.2(b)

/Cory L. Carlyle//
_____
CORY L. CARLYLE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

HORACE SHAW, Appellant

No. 05-22-01219-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F22-00304-M. Opinion delivered by Justice Carlyle. Justices Goldstein and Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of February, 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HORACE SHAW, Appellant

No. 05-22-01220-CR　　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F22-00305-M. Opinion delivered by Justice Carlyle. Justices Goldstein and Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of February, 2024.